Dan Nelson (DN4940)
Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
NELSON & McCULLOCH LLP
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA SEPARZADEH,  *Plaintiff,*  v.  ICONIX BRAND GROUP, INC.; ROC APPAREL GROUP LLC; MARRIED TO THE MOB, INC.,  *Defendants*. | Case No.  ECF Case Electronically Filed  **COMPLAINT** JURY TRIAL DEMANDED |

Plaintiff JOSHUA SEPARZADEH ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for his Complaint for copyright infringement against Defendants ICONIX BRAND GROUP, INC., ROC APPAREL GROUP LLC, and MARRIED TO THE MOB, INC. (collectively "Defendants"), hereby asserts and alleges as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1. This is an action for copyright infringement and related claims brought against Defendants by Plaintiff, the owner of copyrights in a photograph that was used by Defendants

1

without license or permission.

2. Plaintiff seeks damages and other relief related to Defendants' knowing and willful infringement of Plaintiff's copyright in the original photographic work identified herein and which is the subject of this action.

## JURISDICTION AND VENUE

3. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because Defendants conduct substantial business within the State of New York, have infringed Plaintiff's copyright within the State of New York as described herein, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York.

5. Defendants infringed Plaintiff's copyright in this District.

## PARTIES

6. Plaintiff Joshua Separzadeh is a professional photographer who makes his living by taking and licensing photographs.

7. Plaintiff is a resident of Los Angeles, California.

8. Defendant Iconix Brand Group, Inc. ("Iconix") is a Delaware corporation with its principal office located at 1450 Broadway, 4th Floor, New York, New York.

9. Defendant Iconix owns and manages the "Rocawear" brand.

10. Defendant Roc Apparel Group LLC ("RAG") is a New York limited liability company with its principal office located at 1411 Broadway, 39th Floor, New York, New York.

11. Defendant RAG produces and sells retail clothing under the "Rocawear" brand.

12. Defendant Married to the Mob, Inc. ("MTTM") is a New York corporation with its principal office located at 68 Jay Street, Suite #601A, Brooklyn, New York.

13. Defendant MTTM produces and sells retail clothing.

## FACTUAL ALLEGATIONS

14. Plaintiff is a professional photographer who makes his living by taking and licensing photographs.

15. Plaintiff is the sole author of a photograph titled "Grillz (Crunkstep II)," (the "Photograph") a copy of which is attached hereto as "EXHIBIT 1."

16. Plaintiff registered his copyright in the Photograph at issue with the United States Copyright Office.

17. The clothing item titled "Grillz Tee," sold under the Rocawear brand, contains a blatant unauthorized derivative of Plaintiff's Photograph. A screenshot of this item being offered for sale on a retail website is attached hereto as "EXHIBIT 2."

18. Upon information and belief, Defendants Iconix and RAG also produced and sold a hooded sweatshirt styled item ("Grillz" Hoodie) containing the same derivative of Plaintiff's Photograph. A photo of this item is attached hereto as "EXHIBIT 3."

19. Attached hereto as "EXHIBIT 4" is a side-by-side illustration of the "Grillz Tee" and Plaintiff's Photograph.

20. In a letter dated June 24, 2015, Plaintiff's counsel demanded that Defendant Iconix cease and desist producing and offering for sale the infringing clothing item. This letter is attached hereto as "EXHIBIT 5."

21. Defendant MTTM's product titled, "Slugz Cropped Crewneck," contains a blatant

unauthorized derivative of Plaintiff's Photograph.  A screenshot of this item being offered for sale on MTTM's website is attached hereto as "EXHIBIT 6."

22. Defendant MTTM's product titled, "Slugz Tee," contains the same unauthorized derivative use of Plaintiff's Photograph.  A screenshot of this item being offered for sale on MTTM's website is attached hereto as "EXHIBIT 7."

23. Defendants have profited from their unauthorized derivative uses of Plaintiff's Photograph.

24. Because information regarding the full scope of Defendants' derivative use of Plaintiff's Photograph remains in Defendants' sole possession, the full scope of the infringing activity has not yet been ascertained.

## COUNT I
## COPYRIGHT INFRINGEMENT
## (AGAINST ALL DEFENDANTS)

25. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

26. Plaintiff is the author and registered copyright owner of the creative work identified herein and that is the subject of this action.

27. Defendants copied Plaintiff's creative work without proper license or permission.

28. Defendants slightly altered Plaintiff's Photograph for their own commercial use, creating and exploiting an unauthorized derivative of the creative work.

29. Defendants' infringements were willful, knowing, and intentional.

30. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted work, Defendants infringed Plaintiff's copyrights in the creative work identified herein and caused Plaintiff significant injuries, damages, and losses in amounts to be

determined at trial.

31. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution from any diminution in the value of Plaintiff's copyrighted work.

## COUNT II
## VICARIOUS AND/OR CONTRIBUTORY
## COPYRIGHT INFRINGEMENT
## (AGAINST DEFENDANT ICONIX)

32. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

33. Upon information and belief, Defendant Iconix did not directly manufacture, distribute, and/or sell the infringing clothing items detailed herein, but rather licensed its Rocawear brand to Defendant RAG in order to produce and sell the infringing items. Defendant Iconix is liable for vicarious and/or contributory infringement.

34. In licensing its brand to Defendant RAG, Defendant Iconix materially contributed to and/or induced the direct infringement of Plaintiff's copyright.

35. Defendant Iconix had the ability and/or right to control the manufacturing and sale of the infringing items detailed herein, which were presented and sold to the public as Rocawear brand products.

36. Defendant Iconix benefited financially from the unauthorized use of Plaintiff's copyright by obtaining licensing revenue from Defendant RAG.

37. Plaintiff seeks all damages recoverable under the Copyright Act for its secondary infringement of Plaintiff's copyrights.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photograph and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendants' profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

4. Plaintiff's full costs, including litigation expenses, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. Any other relief authorized by law, including punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and proper.


Dated: New York, New York
        November 3, 2015

NELSON & MCCULLOCH LLP

By: _____
Dan Nelson
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
dan@nmiplaw.com

*Counsel for Plaintiff*