IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA SEPARZADEH,<br><br>    *Plaintiff,*<br><br>       -against-<br><br>ICONIX BRAND GROUP, INC.; ROC APPAREL GROUP LLC; MARRIED TO THE MOB, INC.,<br><br>    *Defendants*. | Case No. 15-cv-8643 (AT)<br><br>Hon. Analisa Torres<br><br>ECF Case<br>Electronically filed |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO AMEND THE COMPLAINT</u>**

Kevin P. McCulloch
Nate A. Kleinman
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
kevin@nmiplaw.com
nate@nmiplaw.com

May 11, 2016                                                                         *Attorneys for Plaintiff*

Pursuant to Federal Rule of Civil Procedure Rule 15(a)(2), Joshua Separzadeh ("Plaintiff"), by and through undersigned counsel, hereby submits this Memorandum of Law in support of his Motion to Amend the Complaint.

## SUMMARY OF ARGUMENT

Plaintiff seeks leave to amend the Complaint to join additional, necessary parties. Specifically, Plaintiff seeks to add Diana Gerich ("Gerich"), Leah McSweeney ("McSweeney") LCM Productions, Inc. ("LCMP"), and Multi-Century Company Ltd. ("MCC") as defendants. Discovery produced by MTTM demonstrates that Ms. Gerich illegally copied Plaintiff's photo and was responsible for designing the infringing products sold by MTTM. Discovery from MTTM also indicates that Ms. McSweeney and her company LCMP either were doing business as MTTM or worked directly with MTTM in purchasing, marketing, selling, and distributing the infringing shirts, which were printed by MCC. Each of these parties participated in the infringement of Plaintiff's copyrights and thus is subject to liability for their role.

Plaintiff's request should be granted under the liberal policies underlying Rule 15. Plaintiff has not unduly delayed in seeking leave to amend. On the contrary, significant time remains in discovery and no defendants have moved for summary judgment. Plaintiff's motion also is not made with dilatory purposes or in bad faith. Instead, Plaintiff merely seeks to add additional parties whose involvement in the alleged infringements is significant and directly supported by the discovery provided by Defendant MTTM. The proposed amendments would not prejudice any defendants to the extent that would warrant denying leave to amend—either by requiring them to expend significant additional resources, by delaying resolution of the dispute or by adding unrelated claims or claims that would unfairly surprise defendants. Because none of the recognized grounds for denying leave to amend are present, the Court should "freely" grant Plaintiff leave to amend.

1

## ARGUMENT

**I.   GOVERNING STANDARD FOR DETERMINING WHETHER TO GRANT LEAVE TO AMEND.**

Under Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely give[n] when justice so requires."   Although the Court has "broad discretion in ruling on a motion to amend," *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010), it is settled that "refusal to grant leave must be based on a valid ground."  *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Second Circuit has held that "if the plaintiff has at least colorable grounds for relief, justice does so require [granting leave to amend] unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party."  *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979); *accord AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) ("Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted.").

Because Plaintiff seeks leave to join additional parties, Plaintiff's motion "is technically governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party,' rather than Rule 15(a)."  *Duling*, 265 F.R.D. at 96-97 (quoting Fed. R. Civ. P. 21).  In either case, however, "'the same standard of liberality' applies under either Rule."  *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997) (quoting *Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)).

2

## II. NO VALID BASIS EXISTS TO DENY PLAINTIFF LEAVE TO AMEND.

### A. Plaintiff Did Not Unduly Delay In Seeking Leave To Amend.

The docket and proceedings in this case make clear that Plaintiff has not unduly delayed in seeking leave to amend. Indeed, Plaintiff filed this action barely six months ago, on November 3, 2015, and Defendant MTTM filed its Answer less than four months ago, on January 11, 2016. (Dkt. Nos. 1 & 23.) Given that this case is in its infancy and discovery is ongoing and no parties have moved for summary judgment or any other dispositive relief, there is no basis for finding undue delay.[1] *See Duling*, 265 F.R.D. at 97 (granting leave to amend "two and a half years after the litigation began" because "the delay here is much smaller than that which courts have found suspect—generally, delay until the eve of trial") (collecting cases).

Even if Defendants could demonstrate undue delay—which they cannot—it is settled that "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (collecting cases); *Duling*, 265 F.R.D. at 97 ("Delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend.").

### B. The Proposed Amendment Is Not In Bad Faith Or Prejudicial To Any Defendants.

Plaintiff's motion for leave to amend is not brought in bad faith. Rather, Plaintiff seeks leave to amend because, as the [Proposed] First Amended Complaint alleges, the limited discovery provided by MTTM to date demonstrates that the additional parties played a direct role in the infringements alleged against Defendant MTTM or they share in the MTTM's liability.

---

[1] In fact, although discovery technically has been ongoing for several months, the parties agreed to engage in only limited, specified discovery prior to the settlement conference held on March 2, 2016 (Dkt. Entry Dated 3/2/16), thus full discovery only began two months ago. Due to the delays caused by the intervening settlement conference, the Court already has agreed to adjust certain discovery deadlines to permit the parties adequate time to complete discovery. (*See* Dkt. No. 42.)

With respect to Gerich, the discovery provided by MTTM demonstrates that she directly infringed Plaintiff's copyrights by making an unauthorized copy of the Photograph on her computer.  *See* Kleinman Decl. Ex. 1 (screen capture showing copy of Plaintiff's Photograph saved on Gerich's computer) & Ex. 2 (e-mail from MTTM's counsel stating that these documents were obtained from Gerich's "hard drive").  This alone is sufficient grounds for Plaintiff to bring claims against Gerich for direct infringement.  *See Playboy Enters., Inc. v. Webbworld*, 991 F. Supp. 543, 551 (N.D. Tex. 1997) (finding unauthorized reproduction of images on computer server to be infringement); Nimmer, 3 NIMMER ON COPYRIGHT § 8.08 (2008) ("[T]he input of a work into a computer results in the making of a copy, and hence, that unauthorized input infringes the copyright owner's reproduction right.").

During settlement-related discovery, MTTM's counsel stated that Gerich was "MTTM's graphic artist" and she was identified in MTTM's initial disclosures as a potential witness that should be contacted through MTTM's counsel only.  *Id.* Exs. 2 & 3.  Now, however, MTTM's counsel refuses to provide discovery from Gerich, contending that she is not an employee of MTTM and that her e-mails and computer systems are not subject to discovery because they are not in MTTM's possession, custody, or control.  *See* Kleinman Decl. Ex. 4.

With respect to McSweeney and LCMP, her alter ego company, adding these parties also is appropriate given that McSweeney is the founder of MTTM and Plaintiff alleges that she is personally responsible for the approval of the apparel designs by MTTM.  *See* Proposed FAC ¶¶ 15, 40-43.  Although MTTM's counsel claims that MTTM has no responsive documents in its possession, there is significant information available publicly demonstrating that McSweeney is personally involved in MTTM's business and specifically the apparel designs that it creates and markets.  *See* Kleinman Decl. Ex. 5.  The limited discovery from MTTM also shows that

4

McSweeney's company LCMP was named on the invoices related to the infringing products, demonstrating that it was involved in the infringements by MTTM, if not doing business as MTTM.

In any event, because Plaintiff alleges (upon information and belief) that McSweeney personally participated in the infringement, including by approving or ratifying the infringing design by Gerich, adding McSweeney would not be futile because she shares equally in liability for the infringement in her personal capacity.  *See* 17 U.S.C. § 501(a) ("*anyone* who violates any of the exclusive rights of the copyright owner . . . is an infringer of copyright") (emphasis added); *Lechner v. Marco-Domo Internationales Interieur GmbH*, No. 03 Civ. 5664, 2005 WL 612814, at *6 (S.D.N.Y. Mar. 14, 2005) ("[C]orporate officers can be held liable for the infringing acts of their corporations if they personally participated in the acts constituting infringement."); *Fugazy Int'l Travel Group, Inc. v. Stargazer, Ltd.*, No. 02 Civ. 3373, 2003 WL 115220, at *2 (S.D.N.Y. Jan. 10, 2003) ("[I]f an individual actively and knowingly cause[s] the trademark infringement, he is personally responsible. Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil.") (internal quotations omitted).  In fact, MTTM's initial disclosures identify McSweeney as the only witness from MTTM and she is identified as the only witness with any knowledge "regarding the products; income, costs and expenditures in connection with the products at issue; and the production and sale of the products at issue."  Kleinman Decl. Ex. 3 at 2, ¶ A.1.  If McSweeney is MTTM's only witness to these acts, then there is no doubt that she personally participated in MTTM's infringements because MTTM, as a corporation that exists as a legal fiction only, obviously must have carried out its infringing conduct through the acts of its officers, employees,

or agents.  *See E. Star Acupuncture, P.C. v. Allstate Ins. Co.,* 36 Misc. 3d 41, 42, 950 N.Y.S.2d 404, 405 (App. Term 2012) (quoting 14A N.Y. Jur. 2d, Business Relationships § 627) ("[A] corporation can act only through its officers and agents.")

Indeed, MTTM and LCMP appear to be nothing more than McSweeney's alter ego business entities, as the Proposed FAC alleges, thus she would be liable for MTTM's infringements even if she was not named as a party.  *See Austin Powder Co. v. McCullough*, 216 A.D.2d 825, 827, 628 N.Y.S.2d 855, 857 (1995) ("When a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego, the corporate form may be disregarded to achieve an equitable result") (internal citations omitted).  In fact, according to MTTM's counsel, MTTM has no responsive documents in its possession despite the fact that the infringing shirts were printed for MTTM, MTTM was invoiced for the production of the shirts along with LCMP, and the shirts appeared on MTTM's website.  If MTTM truly has no responsive documents in its possession related to the design, approval, printing, marketing, publishing, or sale of the infringing shirts, that can only be because the infringing acts were carried out not by the corporate entity MTTM but by McSweeney personally and/or LCMP.

Adding McSweeney and LCMP thus expedites this litigation and promotes efficiency by resolving her role in the alleged infringements now rather than forcing Plaintiff to confront that issue in subsequent motion practice after the conclusion of discovery.

Defendants also cannot meet their burden to show that any undue prejudice would result from adding these additional parties.  *See State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (holding that nonmovants bear burden of showing prejudice). Undue prejudice exists when adding a new claim would: "(i) require the opponent to expend

significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely motion in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Given that significant time remains in discovery and that a trial date has not been set, none of these factors are possibly present here. Nor can MTTM deny that it has notice of the basis for adding these parties given that MTTM's own disclosures and discovery provided the basis and impetus for Plaintiff seeking leave to amend.

Far from creating prejudice, amending a pleading in response to the discovery issues presented by the (confusing and conflicting) representations by MTTM's counsel provides a valid basis for granting leave to amend. *See Duling*, 265 F.R.D. at 98 ("[P]laintiffs moved for leave to amend just days after receiving defendants' opposition to their motion for class certification, which argued that the existing plaintiffs were inadequate class representatives and that their claims were atypical. Plaintiffs are simply attempting to remedy potential problems cited by defendants."). Although adding these parties certainly will necessitate additional discovery, "the need for new discovery is not sufficient to constitute undue prejudice on its own." *Id.* (collecting cases). Moreover, any supposed prejudice that would result from any additional required discovery "can generally be mitigated by adjustments to the discovery schedule." *Id.* at 100; *accord Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d at 386 ("The burden of further discovery and motions is not a satisfactory basis to deny the motion to amend. Such procedural aspects can be regulated and controlled by the trial court.").

## CONCLUSION

For the forgoing reasons, Plaintiff's motion to amend the complaint should be GRANTED.

Dated: May 11, 2016

By: _____
Kevin P. McCulloch
Nate Kleinman
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
kevin@nmiplaw.com
nate@nmiplaw.com

*Attorneys for Plaintiff*