UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA SEPARZADEH, | Case No. 15-cv-8643 (AT) |
| *Plaintiff*, | Hon. Analisa Torres<br>Hon. James C. Francis IV |
| -against- | ECF Case<br>Electronically Filed |
| ICONIX BRAND GROUP, INC.; ROC APPAREL GROUP LLC; MARRIED TO THE MOB, INC., | |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARRIED TO THE MOB, INC.'S SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD KIER LLC AS AN ADDITIONAL DEFENDANT AND TO ADD ADDITIONAL CLAIMS**

Ira S. Sacks
Jamie B. Shyman
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103
(212) 880-3800
*Counsel for Defendant
Married to the Mob, Inc.*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARRIED TO THE MOB, INC.'S SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD KIER LLC AS AN ADDITIONAL DEFENDANT AND TO ADD ADDITIONAL CLAIMS ................................................................... 1

RELEVANT PROCEDURAL BACKGROUND ......................................................... 2

I.   MTTM INC. DOES NOT CONTEND THAT KIER LLC IS RESPONSIBLE FOR THE INFRINGEMENTS AT ISSUE AND THE PROPOSED ADDITIONAL CLAIMS AGAINST KIER LLC VIOLATE RULE 11. ......................................................................................... 4

II.  THE ABSENCE OF GOOD CAUSE FOR LEAVE TO AMEND THE COMPLAINT TO JOIN KIER LLC REQUIRES THE REVISED MOTION BE DENIED. ...................................... 7

III. THE REVISED MOTION, TO THE EXTENT IT SEEKS TO JOIN KIER LLC, MUST BE DENIED BECAUSE THE PROPOSED ADDITIONAL CLAIMS AGAINST KIER LLC ARE FUTILE. ................................................................................................................ 8

CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
    443 F.2d 1159 (2d Cir. 1971)............................................................................................9

*Gullo v. City of New York*,
    540 Fed. Appx. 45 (2d Cir. 2013) (Summary Order) ................................................7

*In re Australia and New Zealand Banking Group Ltd. Securities Litigation*,
    712 F.Supp.2d 255 (S.D.N.Y. 2010).................................................................................5

*Motorola Solutions, Inc. v. Xerox Business Servs., LLC*,
    2016 WL 2889057 (S.D.N.Y. May 17, 2016) ...................................................................7

*Parker v. Columbia Pictures Industries*,
    204 F.3d 326 (2d Cir. 2000)..............................................................................................7

*Shapiro, Bernstein & Co. v. H.L. Green Co.*,
    316 F.2d 304 (2d Cir. 1963)..........................................................................................9, 10

*Sokol Holdings Inc. v. BMD Munai, Inc.*,
    2009 WL 2524611 (S.D.N.Y. Aug. 14, 2009) ..................................................................7

*Sysco Good Service of Metro New York, LLC v. Jekyll & Hyde, Inc.*,
    2009 WL 4042758 (S.D.N.Y. Nov. 17, 2009) ..................................................................9

**Rules**

Fed. R. Civ. P. 11................................................................................................1, 4, 5, 6, 8

Fed. R. Civ. P. 15(a) .........................................................................................................2, 3, 8

Fed. R. Civ. P. 16(b) .........................................................................................................2, 4, 7

**Other Sources**

Individual Rules of Practice, Judge Analisa Torres, Rule III.A ........................................3

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARRIED TO THE MOB, INC.'S SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD KIER LLC AS AN ADDITIONAL DEFENDANT AND TO ADD ADDITIONAL CLAIMS

Defendant Married to the Mob, Inc. ("MTTM Inc." or "Defendant") by and through its undersigned counsel, respectfully submits this supplemental opposition to the motion for leave to amend the complaint (the "Original Motion") of Plaintiff Joshua Separzadeh ("Separzadeh" or "Plaintiff") to the extent the Motion was revised to propose joining an entity, Kier LLC, as a defendant in this action and seeks to add both direct and secondary liability claims against Kier LLC (the "Revised Motion For Leave to Amend").

Separzadeh proposes the addition of Kier LLC on the premise that MTTM Inc. purportedly "contend[ed]" that Kier LLC was responsible for the underlying claims of infringement. However, MTTM Inc. has not, would not and could not contend that Kier LLC was responsible for MTTM Inc.'s, or any other existing or proposed defendant's, alleged liability in this matter. Simply put, Kier LLC ***did not exist*** at the time the allegedly infringing "Slugz" products at issue were (i) published on the website for "Married to the Mob" branded products (***not*** owned or controlled by MTTM Inc.) and/or (ii) distributed/sold. In fact, as will be set forth more fully below, the Revised Proposed First Amended Complaint as it relates to Kier LLC is so devoid of evidentiary support that, should Separzadeh be allowed to amend his Complaint to add Kier LLC, Rule 11 sanctions will be sought.

Furthermore, Separzadeh brings this Revised Proposed First Amended Complaint after the deadline set in this action for amending all pleadings, and as such, is subject to the Federal Rule of Civil Procedure ("Rule") 16(b) "good cause" standard for evaluating the Revised Motion For Leave to Amend. However, Separzadeh cannot meet the "good cause" standard because he plainly had access to, among other things, publicly available information from which he could

{38533874;8}   1

have researched the owner of the domain for the "Married to the Mob" website and any transfers of trademarks from LCM Productions to Kier LLC and concluded that there was no connection between Kier LLC and the allegedly infringing "Slugz" products.

Accordingly, as stated in MTTM Inc.'s original opposition to Plaintiff's Motion, Plaintiff's intentions are not in good faith, but rather a transparent attempt to intimidate and harass Leah McSweeney ("McSweeney") by forcing her to incur substantial legal fees with regard to the defense of meritless claims and/or extort a larger settlement offer from MTTM Inc.

## RELEVANT PROCEDURAL BACKGROUND

On May 11, 2016 – nearly five months after being expressly told that MTTM Inc. was an improper defendant – Separzadeh belatedly moved, <u>pursuant to Rule 15(a)</u>, for leave to amend his Complaint and to join additional parties including McSweeney and LCM Productions as well as Diana Gerich and Multi-Century Ltd. after the court-ordered deadline to amend all pleadings had passed. *See* Doc. Nos. 43-45.

MTTM Inc. filed its opposition to the Motion on May 25, 2016, arguing, *inter alia*, that Separzadeh's Motion was procedurally improper because it should have been brought under Rule 16(b), which governs motions for leave to amend filed after the deadline a district court has set for amending pleadings; and that under the applicable standard, the Motion should be denied because (i) Separzadeh failed to conduct reasonably diligent research regarding the "Married to the Mob" products and (ii) further, Separzadeh failed to allege all of the elements for its claims against the newly proposed defendants. *See* Doc. No. 46 (Declaration in Opposition to Motion with exhibits A-H annexed thereto) and Doc. No. 47 (Memorandum of Law in Opposition).

Separzadeh filed his reply on June 2, 2016, **raising for the first time**, that, **_if_** "MTTM contends that [Kier LLC] is responsible for the infringements in issue, then the Court also should join Kier LLC as a named defendant." *See* Doc. No. 48, at 7 (Reply Memorandum of Law in

Support of Motion) and Doc. No. 49.  ***However, MTTM Inc. made no such contention and continues to make no such contention.***

On June 15, 2016, the Court issued two orders.  First, the Court, *inter alia*, denied, without prejudice to renewal, Plaintiff's original motion for leave to amend pursuant to Rule 15(a)(2) for failure to comply with Rule III.A of Judge Torres' Individual Practices in Civil Cases.  *See* Doc. No. 52.  Second, the Court entered an Amended Order of Reference referring to Magistrate Judge James C. Francis IV to resolve, *inter alia*, non-dispositive pretrial motions. *See* Doc. No. 53.

Thereafter, this Court entered a "Text Only Order" on June 17, 2016, providing, in relevant part, that: "I have conferred with Judge Torres' chambers and determined that I am to handle the motion.  Accordingly, plaintiff shall promptly file a new notice of motion, and I will consider it on the basis of the briefs previously filed." *See* Doc. No. 56.

Later that afternoon, Separzadeh's counsel e-filed a Revised Notice of Motion for Leave to Amend the Complaint and annexed thereto a Revised Proposed First Amended Complaint.  *See* Doc. Nos. 57 and 57-1. The Revised Proposed First Amended Complaint proposes to add Kier LLC as a defendant in this action and contains direct liability claims against Kier LLC, alleging that Kier LLC is McSweeney's alter ego; and secondary liability claims against Kier LLC for contributory and/or vicarious liability, by defining the "MTTM Defendants" to include Kier LLC. *Id*.

On June 19, 2016, MTTM Inc. filed a Motion to Strike Docket Entries Nos. 57 and 57-1 for violating this Court's prior order. *See* Doc. Nos. 60-61.  On June 20, 2016, this Court, by Text Only Order, denied the Motion to Strike but permitted MTTM Inc. to "submit supplemental answering papers by July 1, 2016, addressing the changes in the proposed amended complaint,

{38533874;8}                                     3

and particularly the addition of Kier LLC as a defendant." *See* Doc. No. 62.  A true and correct copy of Plaintiff's Revised Proposed First Amended Complaint to which this Supplemental Opposition is addressed is annexed as Exhibit A to the Supplemental Declaration of Ira S. Sacks, dated July 1, 2016 ("Supp. Sacks Dec.").

As we shall show, the Original Motion and the Revised Motion should be denied.

I. **MTTM INC. DOES NOT CONTEND THAT KIER LLC IS RESPONSIBLE FOR THE INFRINGEMENTS AT ISSUE AND THE PROPOSED ADDITIONAL CLAIMS AGAINST KIER LLC VIOLATE RULE 11.**

As previously mentioned, Separzadeh filed his reply in further support of the Original Motion on June 2, 2016.  Doc. Nos. 48-49.  In his reply, Separzadeh raised, *for the first time*, that, *if* "MTTM contends that [Kier LLC] is responsible for the infringements in issue, then the Court also should join Kier LLC as a named defendant."  Doc. No. 48, at 7.  However, **MTTM Inc. makes no such contention.**

MTTM Inc.'s Opposition papers allege that the new allegations that Separzadeh seeks to plead against McSweeney and LCM Productions, *specifically*, were known to him prior to the filing of the original Complaint, or at least as early as December 17, 2015 (*see* Doc. No. 46, Sacks Dec., ¶¶ 9-11), making it impossible for Separzadeh to demonstrate the diligence required under a Rule 16(b) "good cause" standard which the Court must consider for motions to amend filed *after* the deadline set forth in a Case Management Order. Doc. No. 47, at 7.

MTTM Inc.'s Opposition papers explain that Separzadeh could have, for example, accessed records publicly available on the United States Trademark and Patent Office website to learn that "Married to the Mob" is a registered trademark (Reg. No. 3,635,310) that was owned by LCM Productions Inc. in November and December 2015, and thereafter transferred to Kier LLC, but *never owned* by MTTM Inc.  *See* Doc. No. 46, Sacks Dec., ¶¶ 5-8, Exs. B-D.

In Separzadeh's reply, Separzadeh argues that "the owner of a brand's trademark is not relevant in a copyright infringement action. Rather, it is the owner and operator of the infringing website and retail products, *i.e.*, the parties who infringed Plaintiff's copyright, that is the relevant party." Doc. No. 48, at 7. However, a simple "WHOIS" search, a well-known tool for looking up domain names and finding out the identity of a registered domain owner, reveals that the website www.mtttmnyc.com is **_not_** registered to MTTM Inc. **_or_** Kier LLC. *See* Supp. Sacks Dec., ¶ 15, Ex. I. Far from "conceal[ing]" the identity of any relevant information, as Separzadeh baselessly argues in his reply (Doc. No. 48, at 6), **_all_** the publicly accessible information was at Separzadeh's ready disposal **_before_** the commencement of this baseless lawsuit or at least *before* the deadline to amend the pleadings.

Separzadeh failed to do **_any_** pre-commencement research. Separzadeh failed to run a "WHOIS" search on the website at issue and failed to research the owner of the MTTM-branded products. In fact, Separzadeh admits he "assumed" that the website was "owned by Married to the Mob, Inc." Doc. No. 48, at 5. Separzadeh commenced this action against the wrong entity and, for no good cause shown, waited months after his counsel was explicitly told he had the "wrong defendant", before moving to amend his pleadings.

Further, if the Court were to allow Plaintiff to amend his complaint to add claims against Kier LLC, notice will be served that such a revised pleading raises Rule 11 issues: the filing of such a revised pleading would contain factual contentions that lack evidentiary support and/or frivolous legal arguments. Pursuant to Rule 11, attorneys have "an affirmative duty to make 'reasonable inquiry into the facts and the law.'" *In re Australia and New Zealand Banking Group Ltd. Securities Litigation,* 712 F.Supp.2d 255, 263 (S.D.N.Y. 2010) (*quoting Perez v. Posse Comitatus*, 373 F.3d 321, 324 (2d Cir. 2004)). Rule 11(b)(3) states that in "presenting to the

court a pleading, written motion or other paper… an attorney … certifies that to the best of the person's knowledge, information, and belief, ***formed after an inquiry reasonable under the circumstances:***….(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(b)(3) (emphasis added).

In Plaintiff's Revised Proposed First Amended Complaint (Supp. Sacks Dec., Ex. A), as to his vicarious and/or contributory copyright infringement claims, Separzadeh defined "Kier LLC" as one of "the MTTM Defendants" (*id*., ¶ 19) and then falsely alleges, *inter alia*, with regard to Kier LLC that

- the "MTTM Defendants materially contributed to, encouraged, and/or induced the direct infringement of Plaintiff's copyright by Defendants Gerich and Multi-Century" (*id*., ¶ 54);
- "Upon information and belief, Defendant Gerich copied Plaintiff's Photograph for the sole purpose of and as inspiration for the design of clothing items for the MTTM Defendants" (*id*., ¶ 55);
- "Defendant Gerich's infringements were at the behest of and approved and/or ratified by the MTTM Defendants" (*id*., ¶ 56);
- the "MTTM Defendants had the ability and/or right to control the directly infringing acts of Gerich and Multi-Century, including by not encouraging, approving, and/or ratifying the infringing designs alleged herein" (*id*., ¶ 57); and
- the "MTTM Defendants benefitted financially from the unauthorized copying of Plaintiff's Photograph…" (*id*., ¶ 58).

Separzadeh and his counsel knew, or Separzadeh's counsel should have known in accordance with his duty to make reasonable inquiry, that such allegations as against Kier LLC lack any factual basis or evidentiary support because Kier LLC has no website, has never published the alleged infringing photos, and no sales of the alleged infringing garments were sold or distributed after Kier LLC was formed. *See* Supp. Sacks Dec., ¶¶ 8-15, Exs. E-I. Accordingly, Separzadeh has no basis for joining Kier LLC in this action.

## II. THE ABSENCE OF GOOD CAUSE FOR LEAVE TO AMEND THE COMPLAINT TO JOIN KIER LLC REQUIRES THE REVISED MOTION BE DENIED.

Where, as here, Separzadeh moves to amend his Complaint after the deadline for amending all pleadings has passed, the Rule 16(b) "good cause" standard applies. *Parker v. Columbia Pictures Industries,* 204 F.3d 326, 340 (2d Cir. 2000). However, Separzadeh's Motion must be denied because he has failed to meet the "good cause" standard with respect to proposed defendant Kier LLC and claims against it (indeed, with respect to all aspects of the amendment).

"To satisfy the good cause standard 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.'" *Motorola Solutions*, *Inc. v. Xerox Business Servs.*, *LLC*, 2016 WL 2889057 at *3 (S.D.N.Y. May 17, 2016) (*quoting Sokol Holdings Inc. v. BMD Munai, Inc*., 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009), *aff'd*, 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009)). The good cause standard "is not satisfied when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'" *Motorola Solutions*, 2016 WL 2889057 at *3 (citation omitted). Further, a court may deny leave to amend for lack of diligence, even if amendment would not prejudice the non-moving party. *Gullo v. City of New York*, 540 Fed. Appx. 45, 47 (2d Cir. 2013) (Summary Order).

Here, information relating to the existence of Kier LLC was publicly available to Separzadeh before the February 25, 2016 deadline to amend pleadings passed. *See* Supp. Sacks Dec., Exs. B-E. For example, Kier LLC was registered with the New York State Division of Corporations on February 8, 2016. *Id*., Ex. E.

However – and more importantly – had Separzadeh conducted reasonable diligence at the outset of this action or at least before the deadline to amend the pleadings, he would have learned that (i) the "Married to the Mob" website at domain www.mtttmnyc.com was ***never*** registered to

Kier LLC or MTTM Inc. (*id*., Ex. I) and (ii) while the "Married to the Mob" trademark was once owned by LCM Productions, and has since been transferred to Kier LLC, all MTTM-branded products sold on the "Marred to the Mob" website were not previously, nor have they ever been, owned, designed, produced or sold by MTTM Inc. *Id*., Exs. B-D.

Because Separzadeh has not established "good cause" for his belated motion to amend the Complaint to add any of the newly proposed defendants, inclusive of Kier LLC, the Original Motion and Revised Motion must be denied. Indeed, each was brought in bad faith.

### III. THE REVISED MOTION, TO THE EXTENT IT SEEKS TO JOIN KIER LLC, MUST BE DENIED BECAUSE THE PROPOSED ADDITIONAL CLAIMS AGAINST KIER LLC ARE FUTILE.

The Revised Motion For Leave to Amend must also be denied because the proposed direct and secondary liability claims against Kier LLC are absolutely baseless. Kier LLC ***did not exist*** at the time that the allegedly infringing products were published on the website, sold and/or distributed. *See* Supp. Sacks Dec., Exs. E-H. Therefore, there is no factual or legal basis to bring any claims, direct or secondary, against Kier LLC. As such, even under the Rule 15(a) standard – which is not the proper standard here – Separzadeh's Revised Motion must be denied because the claims against Kier LLC are futile.

The information upon which Separzadeh's additional claims against Kier LLC is predicated – that Kier LLC was assigned the rights to the "Married to the Mob" trademark – does not suggest, imply or evidence that Kier LLC had anything to do with the design, production, publication, marketing or sales of any of the apparel at issue in this case. *See* Supp. Sacks Dec., ¶¶ 4-15, Exs. B-I. Thus, the predicate for those claims violate Rule 11.

But even violating Rule 11 does not save those claims. First, as to Plaintiff's direct copyright infringement claims, Separzadeh alleges that Kier LLC, as well as MTTM Inc. and

LCM Productions are "the 'alter egos' of Defendant McSweeney." Supp. Sacks Dec., Ex. A, ¶ 44. This allegation, improperly, would require a finding of reverse alter ego with regard to the imputation of liability on the corporation stemming from the alleged acts of the sole owner. More importantly, Separzadeh makes only bald conclusory statements that the Court need not accept as true. The Revised Proposed First Amended Complaint is devoid of any description of factors tending to show the "domination" of Kier LLC (or of MTTM Inc. or LCM Productions) such as inadequate capitalization or commingling of assets, to make any of the corporate entities responsible for the alleged acts of McSweeney or each other. *See, e.g., Sysco Good Service of Metro New York, LLC v. Jekyll & Hyde, Inc.*, 2009 WL 4042758 at *2-3 (S.D.N.Y. Nov. 17, 2009) (Hon. James C. Francis IV) ("purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter ego liability, even under the liberal notice pleading standard") (internal quotations and citations omitted) (finding factual allegations were insufficient).

Second, as previously established in MTTM Inc.'s Opposition to the Original Motion, Plaintiff failed to plead sufficient facts to withstand dismissal of the secondary liability claims as to the "MTTM Defendants." Doc. No. 47 at 13-14. "To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant 'with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc*., 443 F.2d 1159, 1162 (2d Cir. 1971). However, Separzadeh has not pled facts supporting the essential element of knowledge. All that Separzadeh's Revised Proposed First Amended Complaint does is parrot the elements of a contributory cause of action. *See, e.g.,* Supp. Sacks Dec., Ex. A, ¶ 54.

To establish vicarious liability, Separzadeh must plead that the MTTM Defendants had a "right and ability to supervise [that] coalesce[d] with an obvious and direct financial interest in

the exploitation of copyrighted materials." *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963).  Here, however, the Revised Proposed First Amended Complaint alleges that the "MTTM Defendants had the ability and/or right to control the directly infringing acts of Gerich and Multi-Century, including by not encouraging, approving, and/or ratifying the infringing designs alleged herein" (*id.*, ¶ 57) and the "MTTM Defendants benefitted financially from the unauthorized copying of Plaintiff's Photograph…" (*id.*, ¶ 58).  However, Separzadeh fails to allege facts, especially as to Kier LLC, which provide a plausible claim that the MTTM Defendants had an "*obvious and direct financial interest* in the exploitation of copyrighted materials." *Shapiro*, 316 F.2d at 307 (emphasis added).

Accordingly, the Motion must be denied because Plaintiff has not pled facts sufficient to claim relief under these legal theories.

## CONCLUSION

For all of the foregoing reasons, Defendant Married to the Mob, Inc. respectfully requests that the Court deny Plaintiff Joshua Separzadeh's Revised Motion for Leave to Amend and to join Kier LLC (as well as proposed additional defendants McSweeney and LCM Productions).

Dated: New York, New York
July 1, 2016

>
> Respectfully submitted,
>
> **AKERMAN LLP**
>
> By: ___*s/ Ira S. Sacks*___
> Ira S. Sacks
> Jamie B. Shyman
> 666 Fifth Avenue, 20th Floor
> New York, New York 10103
> Tel: (212) 880-3800
> *Counsel for Defendant Married to the Mob, Inc.*