UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------:
JOSHUA SEPARZADEH,                :    15 Civ. 8643 (AT) (JCF)
                                  :
            Plaintiff,            :
                                  :    MEMORANDUM
    - against -                   :    AND ORDER
                                  :
ICONIX BRAND GROUP, INC.; ROC     :
APPAREL GROUP LLC; MARRIED TO THE :
MOB, INC.; LEAH McSWEENEY; LCM    :
PRODUCTIONS INC.; MULTI-CENTURY   :
COMPANY, LTD.; and DIANA GERICH,  :
                                  :
            Defendants.           :
--------------------------------:

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The plaintiff in this copyright action, Joseph Separzadeh, has filed letter motions dated February 3, 2017, and February 28, 2017, seeking an order (1) compelling defendants Iconix Brand Group Inc. ("Iconix") and Roc Apparel Group LLC ("RAG") to provide additional discovery responses, (2) imposing discovery sanctions, including judgment by default, against both defendants[1] for purported discovery abuses, and (3) granting leave to amend the complaint to add New Rise Brands Holdings, LLC ("New Rise") as a defendant. I will address each request in turn.

---

[1] In his initial submission, the plaintiff sought sanctions only against Iconix and its counsel. Letter of Nate A. Kleinman dated Feb. 3, 2017 ("Kleinman 2/3/17 Letter"), at 9-12). However, in a subsequent letter, the plaintiff appears to demand that sanctions be imposed on RAG as well. Letter of Nathaniel Kleinman dated March 20, 2017, at 6.

1

Discovery Demands

A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Here, plaintiff's counsel acknowledges that he did not succeed in scheduling a conference with RAG's attorney prior to filing the motion, but contends that further delay would have caused his client some unspecified prejudice. (Kleinman 2/3/17 Letter at 2). This does not satisfy the meet-and-confer requirement; there has been not an adequate showing that "temporal exigencies required speedy action" or that "efforts at informal compromise would have been clearly futile." Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998). And, while there was some discussion with counsel for Iconix, the specific issues raised in the plaintiff's motion do not appear to have been addressed in detail. (Letter of Andrew T. Hambleton dated Feb. 20, 2017 ("Hambleton 2/20/17 Letter"), at 9).

This failure to conduct a meaningful conference is, by itself, grounds for denying the relief requested by the plaintiff. See Vaigasi v. Solow Management Corp., No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016); Veleron Holding, B.V. v.

2

BNP Paribas SA, No. 12 Civ. 5966, 2014 WL 4184806, at *2 (S.D.N.Y. Aug. 22, 2014). However, in the interest of completing discovery so that this case may be resolved on the merits, I will consider the substance of the plaintiff's arguments.

A. RAG

The plaintiff's general complaints about the quality of the defendants' discovery responses are meritless. For example, to the extent that RAG objected to the plaintiff's interrogatories, those objections were well-taken, since the interrogatories seek information beyond the scope permitted by Local Civil Rule 33.3, without any showing that interrogatories are a more efficient means of obtaining the requested information than other forms of discovery. (Defendant Roc Apparel Group LLC's Responses and Objections to Plaintiff's First Set of Interrogatories, attached as Exh. 9 to Declaration of Nathaniel Kleinman dated Feb. 3, 2017 ("Kleinman Decl."), at 1). Similarly, RAG either produced documents in response to the plaintiff's requests or indicated that no such documents existed. (Defendant Roc Apparel Group LLC's Responses and Objections to Plaintiff's First Request for Production of Documents, attached as Exh. 5 to Kleinman Decl.). And RAG responded to the plaintiff's requests for admissions with appropriate admissions, denials, and objections. (Defendant Roc Apparel Group LLC's Responses and Objections to Plaintiff's First Set of Requests for Admissions, attached as Exh. 12 to Kleinman

Decl.).

The only viable complaint the plaintiff has about RAG's discovery responses concerns the tardy production of certain sales records. Since this case arises from the defendants' marketing of apparel containing the plaintiff's copyrighted photograph, discovery has focused in part on records of sales of that apparel. RAG's ability to locate and produce such information was hampered by the fact that the business made its last sales by December 31, 2013, and wound up operations by June 30, 2014. (Affidavit of Ronnie DeMichael dated Feb. 16, 2017 ("DeMichael Aff."), ¶ 8). RAG's computer and email systems were shut down in December 2014 or January 2015. (DeMichael Aff., ¶ 13). As a result, RAG's former COO/CFO searched his own work computer and was able to locate and produce sales records for two relevant clothing styles for October and November of 2013. (DeMichael Aff., ¶¶ 4, 10-11). However, in connection with unrelated litigation, RAG was recently required to reconstruct its email system, as a result of which RAG located and produced relevant royalty reports for the fourth quarter of 2013. (DeMichael Aff., ¶¶ 15, 17-18).

This is a plausible explanation for RAG's failure to produce the recently located sales records earlier in the discovery process. Nevertheless, the plaintiff is entitled to explore this issue further, and RAG shall therefore identify the matter in which it was compelled to reconstruct its email system and produce any

order to that effect.

   B. Iconix

   The plaintiff argues that Iconix has waived all objections to the plaintiff's discovery demands by failing to answer them in a timely manner. This contention ignores the fact that discovery was stayed for a substantial period while a motion to amend the complaint was pending and while the parties discussed a potential resolution of the action. As late as January 23, 2017, plaintiff's counsel agreed to continue to forego discovery pending further settlement discussions. (Hambleton 2/20/17 Letter at 8). After the plaintiff terminated settlement talks and indicated a desire to move forward with discovery on January 27, 2017 (Hambleton 2/20/17 Letter at 8), Iconix served its discovery responses on February 17, 2017 (Defendant Iconix Brand Group, Inc.'s Objections and Responses to Plaintiff's First Requests for Admission, attached as Exh. B to Hambleton 2/20/17 Letter; Defendant Iconix Brand Group, Inc.'s Objections and Responses to Plaintiff's First Set of Interrogatories, attached as Exh. C to Hambleton 2/20/17 Letter). There is therefore no basis for deeming any objections to have been waived.

   There is one issue worthy of more discussion. Iconix only recently identified New Rise as a licensee for products bearing the image at issue. There is, however, an explanation for this belated disclosure. No individual currently employed at Iconix

has first-hand knowledge of the design and sale of the allegedly infringing goods. (Hambleton 2/20/17 Letter at 2). Accordingly, when it initially searched for information responsive to the plaintiff's demands, Iconix did not realize that RAG had ceased operating as licensee for the relevant products in 2013 and that New Rise had taken over the license. (Hambleton 2/20/17 Letter at 2). Indeed, by its terms, the license with RAG extended through March 31, 2016, a fact that deterred Iconix from investigating whether there might be other licensees. (Hambleton 2/20/17 Letter at 10). Under these circumstances, Iconix's failure to disclose New Rise as a licensee sooner than it did is understandable.

Sanctions

The plaintiff's application for discovery sanctions is denied. He has failed to demonstrate that the defendants engaged in discovery abuse, intentional or otherwise. Moreover, he has not shown that any delay in providing relevant information has caused prejudice.

Leave to Amend

While it may well be appropriate for New Rise to be added as a defendant, it is difficult to evaluate a request to amend pleadings in the abstract. "In order to meet the requirements of particularity in a motion to amend, 'a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes

6

sought."' Zito v. Leasecomm Corp., No. 02 Civ. 8072, 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004) (quoting Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993)); see also Segatt v. GSI Holding Corp., No. 07 Civ. 11413, 2008 WL 4865033, at *4 (S.D.N.Y. Nov. 3, 2008); Team Air Express, Inc. v. A Hefco Tech., Inc., No. 06 CV 2742, 2008 WL 3165892, at *10 (E.D.N.Y. Aug. 6, 2008). Accordingly, the application to amend is denied without prejudice to being renewed on the basis of motion papers that include a draft amended complaint.

Conclusion

Within two weeks of the date of this order, (1) RAG shall identify the matter in which it was required to reconstruct its email system and shall produce any order to that effect, and (2) the plaintiff shall make any motion to amend the complaint to add New Rise as a defendant unless the parties stipulate to amendment. In all other respects, the plaintiff's motion to compel (Docket nos. 97 and 111) is denied. The deadline for completion of discovery is held in abeyance pending a determination as to the status of New Rise.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
April 10, 2017

Copies transmitted this date:

Kevin P. McCulloch, Esq.
Nathaniel A. Kleinman, Esq.
Nelson & McCulloch LLP
155 East 56th Street
New York, NY 10022

Harris N. Cogan, Esq.
Louis Brucculeri, Esq.
Andrew T. Hambelton, Esq.
Blank Rome LLP
405 Lexington Avenue
New York, NY 10174

John F. Carberry, Esq.
William N. Wright, Esq.
Cummings & Lockwood LLC
Six Landmark Square
Stamford, CT 06901

Leah McSweeney
68 Jay Street
# 601A
Brooklyn, NY 11201